**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. 2:13-cv-238-JRG |
| v. | § § | |
| LUMONDI INC. D/B/A LUMINOX WATCH COMPANY, | § § § | **CONSOLIDATED WITH** |
| | § | **LEAD CASE NO. 2:13-cv-235-JRG** |
| Defendant. | § | |

### ORDER

Before the Court is Defendant Luminox Watch Company's ("Luminox") Motion for Immediate Stay Pending *Inter Partes* Review. (Dkt. No. 18.) This is one of six cases filed in this Court by Lennon Image Technologies, LLC ("Lennon") alleging infringement of U.S. Patent No. 6,624,843 ("the '843 patent"). The six related cases were consolidated for all pretrial issues on August 1, 2013. (Dkt. No. 21.) Since consolidation, one defendant has been dismissed and five cases are currently pending before this Court.

**I.   Background**

An *inter parties* review (IPR) is a relatively new procedure created by Congress as a part of the Leahy-Smith America Invents Act and allows anyone who is not a patent owner to challenge a patent's validity through the USPTO. Under 35 USC § 314(a), this type of review should only be instituted if the USPTO's Patent Trial and Appeal Board (PTAB) determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." Once a petition challenging a patent is filed, the patent owner has three

months to make a preliminary response, and the PTAB will have three months to decide whether it will conduct the review. 35 USC § 314(b). If review is granted, a final determination must be issued within one year, although the PTAB may extend the one-year period by six months for good cause shown. 35 USC § 316(a)(11). If the patent owner is dissatisfied with the final determination, the Board's decision may be appealed to the Federal Circuit. 35 USC § 141(c).

Luminox filed a Petition for IPR on July 10, 2013 challenging the validity of the '843 patent. The patent owner submitted its preliminary response on October 16, 2013. Pursuant to 35 USC § 314(b), the PTAB has until January 16, 2014, to decide whether a review should be instituted. Nonetheless, Luminox moves the Court to immediately stay this case until the proceeding before the PTAB is resolved.

Lennon opposes Luminox's motion to stay, though the crux of its resistance centers on timing and whether staying the case before a decision on the petition is made would be premature. Lennon mentions (but does not argue) the three factors the Court must consider in deciding whether to impose a stay. Neither does Lennon contend that a stay is inappropriate, irrespective of the disposition on the petition for IPR. Accordingly, the Court will be constrained in its judgment to the parties' arguments as prosecuted.

II.   **Applicable Law**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear

tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC,* 356 F. Supp. 2d at 662 (citation omitted).  "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv- 81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III.   Analysis

Beginning with the first factor, the Court acknowledges that a plaintiff has "an interest in the timely enforcement of its patent right." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). Here, six related cases have been consolidated for pretrial issues, one has been dismissed and five remain active. The schedule of the five active cases is controlled by a common Docket Control Order. However, Luminox does not address how a stay of this action would impact the docket for each of the other four cases. If a stay in this case should apply to the consolidated action as a whole, it would unduly prejudice both the other defendants' interests as well as the plaintiff's enforcement of its patent rights. If it does not apply to the other four cases, the incongruent schedule caused by granting a stay in a single case must be considered against its impact on the Court's docket. The Court should consider Luminox's request not in a vacuum but in context. Notably, none of the other defendants have joined in Luminox's request. Disruption of the consolidation may impede the Court's obligation "to secure the just, speedy, and inexpensive determination of every action." Fed. R. civ. P. 1. This consideration clearly weighs against a stay.

The Court next evaluates the second factor. At this early and uncertain stage of the *inter partes* proceeding, it remains to be seen whether the USPTO will grant the requested review, much less invalidate or change the claims of the '843 patent as Luminox contends is likely to occur. In

the event a review is initiated, the PTAB proceedings may proceed for a year—or a year and a half—before a final determination is made. Even after a PTAB resolution, the patent owner can appeal the determination to the Federal Circuit. This case was filed in March 2013 and trial is scheduled for March 2, 2015. A stay pending final determination and appeal of the IPR may double the length of time to trial in this case if the *inter partes* review does not result in invalidating the asserted claims. Therefore, based on the tenuous facts as they currently exist, a stay would be premature and unlikely to simplify the issues for trial. These considerations as to the second factor weigh against a stay.

Turning to the third factor, the Court finds that according to Docket Control Order, the defendants have served their invalidity contentions and the next deadline for the exchange of proposed claim terms is not until March 25, 2014. (*See* Cause No. 2:13-cv-235, Dkt. No. 30.) The Markman hearing is scheduled for July 29, 2014. Thus, the Docket Control Order already contains a timeframe cushion in which the parties will whether Luminox's IPR petition will be granted by the PTAB. As a result, a stay of such short duration would not serve the interests of judicial economy or conserve party resources in a meaningful way. The third *Soverain* factor weighs against a stay.

### IV.   Conclusion

On balance, the *Soverain* factors weigh against granting a stay pending resolution of the petition for *inter partes* review. The Court hereby **DENIES** Luminox's Motion for Immediate Stay (Dkt. No. 18). If the USPTO grants the IPR petition, Luminox may re-urge its motion at that time.

**So ORDERED and SIGNED this 6th day of January, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE